No. 04-02-00012-CR



 Willie Roy WOODS,

Appellant


v.


The STATE of Texas,

Appellee


From the 226th Judicial District Court, Bexar County, Texas

Trial Court No. 2001-CR-3277

Honorable Bill White, Judge Presiding


Opinion by: Alma L. López, Justice

 

Sitting: Alma L. López, Justice 

 Sarah B. Duncan, Justice

 Karen Angelini, Justice

 

Delivered and Filed: December 24, 2002


AFFIRMED



 Defendant was indicted, convicted, and sentenced to ten years' confinement as a repeat
offender for possession of a controlled substance, namely four to 200 grams of cocaine. In this
appeal, the defendant asserts the trial court erred by denying his motion to suppress the contraband
alleged in the indictment. We disagree, and conclude the trial court did not err in denying the motion
to suppress because defendant voluntarily abandoned the drugs before he was detained. Accordingly,
we affirm. Background


 At around 11:00 p.m. on November 22, 2000, two San Antonio police officers were patrolling
in a high crime area when they observed the defendant walking off the porch of a house known for
illegal narcotics activity. The defendant walked down the street, walking closer to the middle of the
road than the curb. The patrol car approached the defendant from behind and one of the officers told
the defendant to come over to the car. The patrol car did not have its emergency lights on, no show
of force was made by either officer, and the defendant was not told he was under arrest. The
defendant complied with the officer's request and, as he was walking toward the car, one of the
officers saw him throw a plastic bag down on the ground. The officers exited the car to investigate.
Both officers testified that the defendant was arrested, handcuffed, and placed in the back of the
patrol car after one of them saw a plastic bag near the front tire of their patrol car filled with what he
believed was crack cocaine. Following his arrest, the defendant was charged with possession of a
controlled substance.

 Defendant moved to suppress the evidence, arguing that the stop and subsequent arrest
violated his Fourth Amendment rights. The trial court denied the motion, and this appeal ensued.


Standard of Review


 We review the trial court's decision of defendant's motion to suppress under an abuse of
discretion standard. Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). Under this
standard, we afford almost total deference to the trial court's determination of historical facts that
the record supports, especially when the fact findings are based on an evaluation of the witnesses'
credibility and demeanor. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The trial court's ruling on a motion to suppress
will stand if it can be upheld on any valid theory of law applicable to the case. Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990); Franklin v. State, 913 S.W.2d 234, 238 (Tex.
App.--Beaumont 1995, pet. ref'd.). We review de novo the court's application of the law of search
and seizure to the facts. Ross, 32 S.W.3d at 856. In determining whether a trial court's decision is
supported by the record, an appellate court generally considers only evidence adduced at the
suppression hearing. Rachal v. State, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996). However,
when the parties consensually relitigate the suppression issue at trial, as the parties did in this case,
the scope of review extends to include evidence relevant to the suppression issue introduced at trial.
Id. Analysis


 In challenging the court's overruling of his motion to suppress, defendant characterizes the
issue as whether the police officers were justified in detaining him. This argument presumes
defendant was detained before he abandoned the bag containing the drugs. The record reflects that
before defendant was detained, the officers merely asked defendant to approach their patrol car. No
guns were drawn, the overhead lights on the patrol car were not turned on, and the officers awaited
defendant's compliance with their request while they remained seated in their patrol car. A citizen
is seized for Fourth Amendment purposes if (1) he is subjected to a show of authority and yields, or
(2) law enforcement officers apply physical force to limit his movement. See California v. Hodari D.,
499 U.S. 621, 626 (1991); Johnson v. State, 912 S.W.2d 227, 232-35 (Tex. Crim. App. 1995). Here,
there was no show of authority or physical force by the police officers. One of the officers merely
asked defendant to walk over to the police car, and defendant willingly complied. There is no
evidence in the record supporting defendant's contention on appeal that he "was not free to decline
the officer's [sic] invitation to approach their car." As he walked toward the patrol car and before
he was questioned by the officers, defendant dropped the bag containing the drugs. Defendant was
detained only after one of the officers witnessed him dropping the bag.

 The Fourth Amendment offers no protection to those who voluntarily abandon property. Abel
v. United States, 362 U.S. 217, 241 (1960); Armstrong v. State, 966 S.W.2d 150, 153
(Tex.App.--Austin 1998, no pet.). Voluntary abandonment occurs if: (1) the defendant intended to
abandon the property, and (2) the decision to abandon the property was not induced by police
misconduct. Brimage v. State, 918 S.W.2d 466, 507 (Tex. Crim. App. 1996) (on reh'g). Intent may
be inferred from words spoken, acts done, and other objective facts. Armstrong, 966 S.W.2d at 153.
If a person throws an object into an area open to the public, he has abandoned his property for search
and seizure purposes. Id. Defendant's act of dropping the bag containing illegal narcotics in an area 

open to the public shows his intent to abandon the contraband. Because the abandonment was not
induced by police misconduct, the trial judge did not err in denying defendant's motion to suppress.



 Alma L. López, Justice

DO NOT PUBLISH